**William Charles TORRES, Plaintiff—Appellant,**

v.

**CITY & COUNTY OF SAN FRANCISCO; Ladonnis Elston; Janis Ito; Linda Wang; Selene Mitlyng, Defendants—Appellees.**

No. 02–16456.
D.C. No. CV–00–02893–WDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Oct. 22, 2003.

---

** The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

Clarence Pollard, San Francisco, CA, for Plaintiff–Appellant.

Katharine A. Hobin, Esq., City Attorney's Office City & Co. of San Francisco, San Francisco, CA, for Defendants–Appellees.

Before BEEZER, KLEINFELD, Circuit Judges, and JONES, District Judge.[*]

MEMORANDUM [**]

William Torres appeals the district court's grant of summary judgment in favor of the City and County of San Francisco (City). Torres brought this action pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), the Americans With Disabilities Act (ADA) (42 U.S.C. §§ 12101 et seq.) and California's Fair Employment and Housing Act (FEHA), alleging that he was unlawfully investigated and reassigned following a complaint by two female interns that he acted in a sexually inappropriate manner toward them. Torres contends that the City discriminated against him on the basis of race, gender, and perceived disability. Torres challenges the district court's denial of his motion to amend his complaint to add a Title VII claim of racial discrimination and its denial of his motion for a continuance to conduct additional discovery under Fed.R.Civ.P. 56(f).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary judgment on Torres's 42 U.S.C. § 1983 claim because the City did not have a mandatory duty to utilize the procedures outlined in the City's Civil Service Commission Rule 3, section 3.6 when investigating Torres's complaint. *See* California Government Code § 815.6.

Summary judgment was proper on Torres's gender and perceived disability claims because Torres failed to produce evidence sufficient to establish a prima facie case of discrimination on either basis. *See Texas Dept. of Comm. Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (Title VII); *Nunes v. Wal–Mart Stores, Inc.,* 164 F.3d 1243, 1246 (9th Cir.1999) (ADA); *see also EEOC v. United Parcel Service, Inc.,* 306 F.3d 794, 801, 803–05 (9th Cir.2002) (discussing perceived disability under the ADA). "Because California law under the FEHA mirrors federal law under Title VII," Torres's state claims also fail. *See Godwin v. Hunt Wesson,* 150 F.3d 1217, 1219 (9th Cir. 1998).

The district court properly denied as futile Torres's motion for further leave to amend his complaint to add a claim of race discrimination under Title VII. *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir.1991).

The district court acted within its discretion when it denied Torres's request to conduct additional discovery. Torres failed to show that his inability to conduct additional discovery resulted in actual and substantial prejudice or to justify an extension when he had ample time to conduct discovery prior to the hearing on the motion. *See Martel v. County of Los Angeles,* 56 F.3d 993, 995 (9th Cir.1995).

AFFIRMED.

[*] The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.